DAVIS, Senior Circuit Judge,
concurring in part and dissenting in part:
I agree with my friends in the majority that Ricky Jovan Gray exhausted his claim that trial counsel were constitutionally ineffective in failing to present evidence during the penalty phase of his trial that he was voluntarily intoxicated during the commission of the crimes. Furthermore, because a “reasonable fact-finder ... could have 'found the facts necessary to support [Gray’s] claim from the evidence presented to the state court[ ],” Winston v. Kelly, 592 *800 F.3d 535, 551 (4th Cir.2010), I agree with the majority that the district court properly dismissed Gray’s Martinez claim. But I disagree, respectfully, with the majority’s determination that the Supreme Court of Virginia’s resolution of disputed issues of fact, based on conflicting and partially unaddressed sworn affidavits, without an evidentiary hearing, did not amount to an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2). I therefore concur in part and dissent in part.
In his habeas petition to the Supreme Court of Virginia, Gray presented several claims of ineffective assistance of counsel. He grounded one such claim in his trial counsel’s alleged failure to undertake a reasonable investigation into the circumstances surrounding his confession. Gray alleged that, during the course of his January 7, 2006 police interrogation, he had repeatedly requested an attorney and a phone call, but the police denied both requests, continued the interrogation, and ultimately obtained his written confession. Gray also asserted that he had told the police that he could not remember many details of the crimes because of his drug use during the day in question. Gray claimed that the police had responded by showing him the statement of one of his accomplices, Ray Dandridge, and by helping Gray fashion his own confession in reliance on many of the details included in Dandridge’s statement.
Importantly, Gray alleged in his habeas petition that he had expressly informed his trial counsel of the details surrounding his interrogation and confession during a February 10, 2006 meeting. Even though Gray had relayed this information, his trial counsel allegedly failed to conduct a reasonable investigation into these matters. Had his trial counsel adequately investigated the circumstances surrounding Gray’s interrogation and confession, Gray asserted, his trial counsel could have moved to suppress his confession or used the results of the investigation to impeach the testimony of Detective Howard Peter-man during trial.*
Gray supported his ineffective assistance of counsel claim and his recollection of the January 7, 2006 police interrogation and confession with the affidavit of Melvin B. Knight. Knight was an investigator with the Office of the Capital Defender of the Central Region of Virginia and was tasked with assisting Gray’s trial counsel in preparing Gray’s defense. Prior to his employment with the Office of the Capital Defender, Knight was a law enforcement officer with the City of Richmond Police Department for more than twenty-five years.
In his affidavit, Knight recounted his February 10, 2006 interview with Gray and explained that Gray had expressly stated that he had asked for an attorney and a phone call during his questioning by police. Knight also remembered Gray mentioning that he could not remember many details of the crimes because he had been high on a combination of marijuana, ecstasy, and PCP at the time the crimes were committed. Gray also indicated, according to Knight, that he had shared this information with the police. Gray then told Knight that, because he had been unable to remember many details of the crimes during his interrogation, the police had *801 assisted Gray in crafting a written statement based upon the statement prepared by Dandridge. In short, a plausibly credible witness offered sworn facts more than trivially corroborative of Gray’s allegations supporting a claim of ineffective assistance.
As the majority opinion recounts, the Warden filed a motion to dismiss Gray’s habeas petition, specifically arguing that an evidentiary hearing was neither necessary nor permitted. In support of his motion to dismiss, the Warden submitted the affidavit of Gray’s trial counsel, Jeffrey L. Everhart and Theodore D. Bruns. The attorneys asserted that Gray had never told them that he had been fed details of the crime. Further, the attorneys explained that they had interviewed each police officer who questioned Gray on January 7, 2006, including Detective Peter-man, and each officer confirmed that Gray had confessed voluntarily and without acquiring information from Dandridge’s confession. The attorneys also spoke of Gray’s insistence that PCP was not to blame for his criminal actions and that he had known what he was doing. The attorneys, however, did not directly áddress Gray’s assertion that his heavy drug use during the day in question left him unable to remember many of the crimes’ details during his interrogation.
On March 4, 2011, the Supreme Court of Virginia granted the Warden’s motion to dismiss the relevant ineffective assistance of counsel claim without affording Gray an evidentiary hearing. Gray v. Warden of Sussex I State Prison, 281 Va. 303, 707 S.E.2d 275 (2011). In ticking through Gray’s several habeas claims, the Virginia Supreme Court explained that:
The record, including the affidavit of counsel, demonstrates that petitioner insisted to counsel that he knew what he was doing when he committed the murders and that “PCP could not be to blame.” Furthermore, counsel spoke to every officer involved in petitioner’s arrest, including Detective Peterman, and determined that petitioner was not provided any details from Dandridge’s statement before or during his statement to the police. The affidavit of counsel also demonstrates that petitioner never informed counsel that Detective Peterman had “fed” him the details of the crimes or of Dandridge’s statements to police and that counsel looked for but could not find any evidence that would have supported a motion to suppress petitioner’s statements to police.
The record, including the trial transcript, petitioner’s statement to the police, and the affidavit of counsel, demonstrates that petitioner understood his constitutional rights and voluntarily agreed to speak to the police about the murders and that counsel looked for but could not find any evidence that would have supported a motion to suppress petitioner’s statement to the police.
Id. at 283-84.
After the Supreme Court of Virginia dismissed his habeas petition, Gray sought federal habeas relief. He based his federal challenge in part on the Supreme Court of Virginia’s decision to dismiss his ineffective assistance of counsel claim without affording him an evidentiary hearing and the opportunity to develop a factual record. Gray asserted that, because the Supreme Court of Virginia presumably ignored the Knight affidavit and resolved related factual disputes regarding his ineffective assistance of counsel claim without the benefit of an evidentiary hearing, the dismissal amounted to an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2) of the Antiterrorism and Ef *802 fective Death Penalty Act of 1996 (“AED-PA”).
While it is a close question, I am constrained to agree with Gray. As the district court aptly observed, trial counsel’s affidavit and Detective Peterman’s trial testimony, “differed sharply” from Knight’s affidavit and the details provided in Gray’s verified petition. Gray v. Pearson, No. 1:11-cv-630, 2012 WL 1481506, at *11 (E.D.Va. Apr. 27, 2012). Despite this sharply conflicting evidence, the Supreme Court of Virginia effectively adopted the affidavit of Gray’s trial counsel as fact absent any apparent analysis and -without first providing Gray “any opportunity ... to develop a factual record through discovery with compulsory process or to test disputed issues of fact through the type of adversarial process historically thought essential to the truth-finding function of a court.” Id.
The district court and the majority correctly recognize that AEDPA’s § 2254(d) restriction creates a “highly deferential standard for evaluating state-court rulings.” Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). However, the Supreme Court has implied that a state court’s fact-finding may be unreasonable when the court “had before it, and apparently ignored,” evidence supporting a petitioner’s claim. See Miller-El v. Cockrell, 537 U.S. 322, 346, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). While the majority is content to assume that the Supreme Court of Virginia appropriately evaluated the Knight affidavit, which directly conflicted with the trial testimony of Detective Peterman and the affidavit of Gray’s trial counsel, there is nothing in the opinion to suggest that the Supreme Court of Virginia considered Knight’s affidavit, much less engaged in the difficult process of weighing the credibility of the affiants on a conflicting record.
The majority notes that it is troubled by the Supreme Court of Virginia’s observable preference for trial counsel’s affidavit as compared to the Court’s treatment of Knight’s and suggests that, despite not mentioning the Knight affidavit, the Supreme Court of Virginia assuredly took the affidavit into consideration because it ruled on the Warden’s motion to strike the affidavit. The Court’s ruling on the Warden’s motion to strike the affidavit, however, comes in a singular and unsupported sentence at the conclusion of its opinion dismissing Gray’s ineffective assistance of counsel claim, and the motion to strike the Knight affidavit was incorporated into a broader motion to strike that concerned several of the affidavits proffered by Gray. While such context may be sufficient in certain circumstances to support the resolution of disputed issues of fact by a state court, based on conflicting sworn affidavits, without an evidentiary hearing, the facts presented in the Knight affidavit stood in direct conflict with those offered by trial counsel and the affidavit was at the heart of Gray’s ineffective assistance of counsel claim. Accordingly, while I believe that “[a] rational fact-finder might discount [the affidavit] or, conceivably, find it incredible, ... no rational fact-finder would simply ignore” the affidavit or fail to address it entirely. See Taylor v. Maddox, 366 F.3d 992, 1006 (9th Cir.2004).
Because the Supreme Court of Virginia — in resolving disputed issues of fact, based on conflicting and partially unaddressed sworn affidavits, without an evi-dentiary hearing — made an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2), I would vacate the judgment of the district court as to Gray’s ineffective assistance of counsel claim and remand for an evidentiary hearing and the development of a full factual record.
*803 Of course, my difference with the majority does not remotely reflect any view of trial counsel. With a few exceptions spread in reported cases, defense counsel in capital cases perform conscientiously and in a manner entirely faithful to the noble ideals of the legal profession. Despite this truism, however, such counsel are not at all surprised or bothered by the fact that, given the stakes, their judgments and their trial performances will likely come under attack by fellow counsel in subsequent post-conviction proceedings. This may entail, as it should have in this case, subjecting such conscientious counsel to the unpleasantness of cross-examination. But our adversary system in cases involving the highest of stakes — life or death — should admit of nothing less.

 Detective Peterman, of the Philadelphia Police Department, testified at length at trial about the circumstances that led to his questioning of Gray and the substance of Gray’s written confession. Detective Peterman acknowledged that he informed Gray that Dandridge was also in custody at police headquarters, but Detective Peterman asserted that, after being made aware of his rights, Gray volunteered to tell his side of the story and did so without learning the details of Dandridge’s confession.